# REGISTER OF ACTIONS
## CASE NO. C-4064-15-G

| | |
|---|---|
| Rene Rios, Emma Rios VS. ASI Lloyds, VeriClaim, Inc. and Larry Williams §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Subtype: **Hail Storm 2012 - 370th**<br>Date Filed: **08/01/2015**<br>Location: **370th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **ASI Lloyds** | |
| Defendant | **VeriClaim, Inc.** | |
| Defendant | **Williams, Larry** | |
| Plaintiff | **Rios, Emma** | **RENE M. SIGMAN**<br>*Retained*<br>713-861-6616(W) |
| Plaintiff | **Rios, Rene** | **RENE M. SIGMAN**<br>*Retained*<br>713-861-6616(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/01/2015 | **Original Petition (OCA)** | | |
| 08/19/2015 | **Citation** | | |
| | ASI Lloyds | Unserved | |
| | VeriClaim, Inc. | Served | 08/25/2015 |
| | | Returned | 08/28/2015 |
| | Williams, Larry | Unserved | |
| 08/19/2015 | **Service Issued** | | |
| 08/28/2015 | **Service Returned** | | |
| 09/04/2015 | **Service Returned** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Rios, Rene | | | |
| | Total Financial Assessment | | | 322.00 |
| | Total Payments and Credits | | | 322.00 |
| | **Balance Due as of 09/21/2015** | | | **0.00** |
| 08/04/2015 | Transaction Assessment | | | 318.00 |
| 08/04/2015 | EFile Payments from TexFile | Receipt # DC-2015-101192 | Rios, Rene | (318.00) |
| 08/28/2015 | Transaction Assessment | | | 2.00 |
| 08/28/2015 | EFile Payments from TexFile | Receipt # DC-2015-108503 | Rios, Rene | (2.00) |
| 09/08/2015 | Transaction Assessment | | | 2.00 |
| 09/08/2015 | EFile Payments from TexFile | Receipt # DC-2015-111126 | Rios, Rene | (2.00) |

# EXHIBIT B

## C-4064-15-G
### 370TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION



### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ASI Lloyds**
**Attorney for Service Rodney D Bucker**
**700 North Pearl Street 25th Floor**
**Dallas TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Noe Gonzalez, 370th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 1st day of August, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-4064-15-G, **RENE RIOS, EMMA RIOS VS. ASI LLOYDS, VERICLAIM, INC. AND LARRY WILLIAMS**

Said Petition was filed in said court by RENE M. SIGMAN; 3810 W ALABAMA ST HOUSTON TX 77027.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 19th day of August, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Kimberly Hinojosa*

**KIMBERLY HINOJOSA, DEPUTY CLERK**

**RECEIVED**

**AUG 2 6 2015**

**TCCI**

## C-4064-15-G
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_8/26/15_ _____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4064-15-G

| | | |
|---|---|---|
| **RENE RIOS, JR. AND EMMA RIOS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, VERICLAIM, INC.,** | § | |
| **AND LARRY WILLIAMS,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Rene Rios, Jr. and Emma Rios ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of ASI Lloyds ("ASI"), VeriClaim, Inc. ("VeriClaim"), and Larry Williams ("Williams") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiffs Rene Rios, Jr. and Emma Rios are individuals residing in Hidalgo County, Texas.

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

3.    Defendant ASI is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825.

4.    Defendant VeriClaim is a foreign adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, The Prentice-Hall Corporation Systems, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.    Defendant Larry Williams is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 365 North West Hwy, Apt. 3709, Irving, Texas 75039.

## JURISDICTION

6.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7.    The Court has jurisdiction over Defendant ASI because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8.    The Court has jurisdiction over Defendant VeriClaim because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

9.     The Court has jurisdiction over Defendant Williams because this defendant engages in
the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of
action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.    Venue is proper in Hidalgo County, Texas, because the insured property is situated in
Hidalgo County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred
to as "the Policy"), which was issued by ASI.

12.    Plaintiffs own the insured property, which is specifically located at 2412 Ambassador St.,
Edinburg, Texas 78541, in Hidalgo County (hereinafter referred to as "the Property").

13.    ASI sold the Policy insuring the Property to Plaintiffs.

14.    On or about September 10, 2013, a hail storm and/or windstorm struck Hidalgo County,
Texas, causing severe damage to homes and businesses throughout the area, including
Plaintiffs' residence ("the Storm").   Specifically, Plaintiffs' roof sustained extensive
damage during the storm.  Water intrusion through the roof caused significant damage
throughout the entire home including, but not limited to, the home's ceilings, walls,
insulation, and flooring.   Plaintiffs' home also sustained substantial structural and
exterior damage during the storm.   After the storm, Plaintiffs filed a claim with their
insurance company, ASI, for the damages to their home caused by the Storm.

15.    Plaintiffs submitted a claim to ASI against the Policy for Roof Damage, Structural
Damage, Water Damage, and Wind Damage the Property sustained as a result of the
Storm.

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

16.   Plaintiffs asked that ASI cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

17.   Defendant ASI assigned Defendant VeriClaim to adjust the claim.  Defendant VeriClaim and/or Defendant ASI then assigned Defendant Williams as the individual adjuster on the claim.   The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.   The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.       The inadequacy of Defendant Williams' inspection and investigation of Plaintiffs' claim is further evidenced by his letter to Plaintiffs dated October 3, 2014. Specifically, Williams' letter wholly failed to provide any reasonable explanation for the lack of payment on Plaintiffs' claim and failed to describe with any particularity the specific damages that were being denied, and thus omitted from the adjustment and estimate, and the reason for such denial.

18.   Although Williams was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection and/or investigation of Plaintiffs' damages. Ultimately, Defendant Williams determined that the damages were not covered under the Policy, thus no payment would be made on the claim.  Williams' inadequate investigation was relied upon by Defendant ASI in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

19.   Defendant ASI, along with other ASI personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

Williams, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.   Further, Defendants ASI, Vericlaim, and Williams misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages.   ASI denied Plaintiffs' claim without performing a reasonable investigation.   In particular, ASI took the position that the damages caused by the Storm were not covered under the Policy.   As a result of Defendants ASI's, Vericlaim's, and Williams' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

20.   Together, ASI, Vericlaim, and Williams set out to deny and/or underpay on properly covered damages.   As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.   The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.   To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

21.   As detailed in the paragraphs below, ASI wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.   Furthermore, ASI underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

22.   To date, ASI continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

23.   Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiffs.

24.   Defendants ASI, VeriClaim, and Williams misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants ASI's, VeriClaim's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

25.   Defendants ASI, VeriClaim, and Williams failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants ASI's, VeriClaim's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

26.   Defendants ASI, VeriClaim, and Williams failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants ASI, VeriClaim, and Williams failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants ASI, VeriClaim, and Williams did not communicate that any future settlements or payments would be

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants ASI's, VeriClaim's, and Williams' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

27.     Defendants ASI, VeriClaim,, and Williams failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants ASI, VeriClaim, and Williams.    Defendants ASI's, VeriClaim's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

28.     Defendants ASI, VeriClaim, and Williams refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants ASI, VeriClaim, and Williams failed to conduct a reasonable investigation.    Specifically, Defendants ASI, VeriClaim, and Williams performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants ASI's, VeriClaim's, and Williams' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.    TEX. INS. CODE §541.060(a)(7).

29.     Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. ASI's

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

30. Defendant ASI failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

31. Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

32. From and after the time Plaintiffs' claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants ASI, VeriClaim, and Williams knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

34. As a result of Defendants ASI's, VeriClaim's, and Williams' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

35.     Plaintiffs' experience is not an isolated case.  The acts and omissions ASI committed in

this case, or similar acts and omissions, occur with such frequency that they constitute a

general business practice of ASI with regard to handling these types of claims.  ASI's

entire process is unfairly designed to reach favorable outcomes for the company at the

expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT WILLIAMS
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

36.     Defendants ASI and/or VeriClaim assigned Defendant Williams to adjust the claim.

Defendant Williams was improperly trained to handle claims of this nature and

performed an unreasonable investigation of Plaintiffs' damages.     During his

investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or

windstorm damages.   The adjuster also omitted covered damages from his report,

including many of Plaintiffs' interior damages.  In addition, the damages that the adjuster

did include in the estimate were severely underestimated.

37.     Defendant Williams' conduct constitutes multiple violations of the Texas Insurance

Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under

this article are made actionable by TEX. INS. CODE §541.151.

38.     Defendant Williams is individually liable for his unfair and deceptive acts, irrespective of

the fact he was acting on behalf of ASI, because he is a "person" as defined by TEX. INS.

CODE §541.002(2).   The term "person" is defined as "any individual, corporation,

association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal

benefit society, or other legal entity engaged in the business of insurance, including an

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

39.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Williams' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.    Defendant Williams' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

41.    Defendant Williams failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.   Specifically, Defendant Williams failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Williams as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

42.    Defendant Williams' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

43.    Defendant Williams did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to ASI. Defendant Williams' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

### CAUSES OF ACTION AGAINST DEFENDANT VERICLAIM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

44.  Defendant VeriClaim's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.  Defendant VeriClaim's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

46.  Defendant VeriClaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

47.  Defendant VeriClaim's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

48.  Defendant VeriClaim's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

49.    Defendant VeriClaim's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

50.    Plaintiffs are not making any claims for relief under federal law.

### FRAUD

51.    Defendants ASI, VeriClaim, and Williams are liable to Plaintiffs for common law fraud.

52.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants ASI, VeriClaim, and Williams knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

54.    Defendants ASI, VeriClaim, and Williams are liable to Plaintiffs for conspiracy to commit fraud.    Defendants ASI, VeriClaim, and Williams were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants ASI, VeriClaim,

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

and Williams committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

CAUSES OF ACTION AGAINST ASI ONLY

55.    Defendant ASI is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

BREACH OF CONTRACT

56.    Defendant ASI's conduct constitutes a breach of the insurance contract made between ASI and Plaintiffs.

57.    Defendant ASI's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ASI's insurance contract with Plaintiffs.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES

58.    Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

59.    Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

60.    Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

61.  Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

62.  Defendant ASI's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

63.  Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

64.  Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

65.  Defendant ASI's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4064-15-G

that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

66.    Defendant ASI's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

67.    Defendant ASI's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

68.    As referenced and described above, and further conduct throughout this litigation and lawsuit, VeriClaim and Williams are agents of ASI based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

69.    Separately, and/or in the alternative, as referenced and described above, ASI ratified the actions and conduct of VeriClaim and Williams, including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

70.    Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

71.    Defendant ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, ASI knew or should have known by

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

72.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

73.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

74.    As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants ASI's, VeriClaim's, and Williams' mishandling of Plaintiffs' claim in violation of the laws set forth above.

75.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

76.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

77.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

78. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

79. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

80. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

81. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

82. *Plaintiffs' Request for Disclosures to Defendant ASI Lloyds* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant VeriClaim, Inc.* is attached as "Exhibit

Electronically Filed
8/1/2015 11:52:51 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4064-15-G**

A-1." *Plaintiffs' Request for Disclosures to Defendant Larry Williams* is attached as "Exhibit A-2."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

 */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

CAUSE NO. C-4064-15-G

| | | |
|---|---|---|
| RENE RIOS, JR. AND EMMA RIOS, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS, VERICLAIM, INC., AND | § | |
| LARRY WILLIAMS, | § | |
| *Defendants.* | § | 370TH JUDICIAL DISTRICT |

**DEFENDANTS ASI LLOYDS, VERICLAIM, INC.,
AND LARRY WILLIAMS'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants ASI LLOYDS, VERICLAIM, INC., AND LARRY WILLIAMS and file this, their Original Answer, and would respectfully show unto the Court the following:

**I.
ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.
SPECIAL EXCEPTION**

It appears that Plaintiffs have sued the wrong Larry Williams. The Larry Williams who worked with ASI Lloyds on this claim would be domiciled at 10265 E. 550 N, Wilkinson, Indiana, 46186.

**III.**
**APPRAISAL**

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal.  When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

**IV.**
**DEMAND FOR JURY TRIAL**

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendants, and Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**


*/s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**


**<u>CERTIFICATE OF SERVICE</u>**

        I certify that on this 18th day of September, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

    Rene M. Sigman
    MOSTYN LAW FIRM
    3810 W. Alabama Street
    Houston, Texas 77027


            */s/ Jay Scott Simon*
            Jay Scott Simon